IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CIPRIANO MARTINEZ and PATRICIO DONES, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs,<br><br>v.<br><br>UTILIMAP CORP.,<br><br>Defendant. | Case No. 3:14-cv-310-JPG-DGW |

## UTILIMAP CORP.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

### INTRODUCTION

Plaintiffs Cipriano Martinez and Patricio Dones ("Plaintiffs") have brought a five-count Complaint purporting to allege violations of the Illinois Wage Payment and Collection Act ("IWPCA"), Illinois Minimum Wage Law ("IMWL"), Maryland Wage Payment and Collection Law ("MWPCA"), Maryland Wage and Hour Law ("MWHL"), and Fair Labor Standards Act ("FLSA").  (*See generally* Complaint.)   Plaintiffs' claims are based on Defendant Utilimap Corp.'s ("Defendant" or "Utilimap") alleged failure to pay Plaintiffs and other employees for all hours worked and for overtime at 1.5 times their normal rate.  However, as set forth more fully below, Plaintiffs have not plausibly pleaded a basis for relief because the vast majority of Plaintiffs' allegations are not statements of *fact* but legal conclusions merely restating the relevant statutory language.  Without factual allegations showing Plaintiffs are entitled to relief, Rule 8's pleading standard has not been satisfied and Plaintiffs' claims must be dismissed.

## ARGUMENT

### I. THE RULE 8 PLAUSIBILITY STANDARD

Rule 8 requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Interpreting this general standard, the Supreme Court has determined that a complaint, particularly in a claimed class action context, should be dismissed for failure to state a claim unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Twombly*, 550 U.S. at 558–59. To state a claim that is "plausible on its face," the complaint must allege "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *id.* at 678 (emphasis added), which "requires more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555.

Further, under this plausibility standard, courts should *not* accept as true legal conclusions asserted in complaints—only allegations of *fact*. *Iqbal*, 556 U.S. at 679. As such, a court should begin by eliminating a complaint's mere conclusions and only then turn to consider whether the remaining allegations of fact are sufficient to state a claim. *Id.* Where the remaining allegations fail to allege *facts* sufficient to make a *plausible* claim, "this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558. As noted above, this principle is especially true in alleged class action cases such as this one, where even limited class-wide discovery would be extremely cost- and time-intensive for both Defendant and this Court. *See Twombly*, 550 U.S. at 558–59.

So, "where the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—*but has not shown*—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added). Such a complaint should properly be dismissed.

## II. PLAINTIFFS HAVE FAILED TO PROPERLY PLEAD A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A. Plaintiffs Have Failed to Properly Plead That Utilimap Was Their Employer, That They Were Utilimap's Employees, and That They Were Employees Within The Proposed Class Timeframe.

As an initial matter, the vast majority of Plaintiffs' claims are pure legal conclusion. Under Supreme Court precedent, the Court can only consider allegations of fact and should eliminate those allegations that are mere conclusions. *Iqbal*, 556 U.S. at 679.

For example, paragraphs 12 through 14, which summarily conclude that Plaintiffs were Utilimap's "employees" "as defined by the IMWL[,] the IWPCA[,] . . . the MWHL[,] the MWPCL[,] . . . [and] the FLSA" can be disregarded. "Employees" is a statutorily defined term and summarily concluding that the Plaintiffs fall within that definition without alleging any facts in support of this legal conclusion is insufficient to state a plausible claim. *See* 820 ILCS 115/2; 820 ILCS 105/3; 29 U.S.C. § 203. In fact, the Seventh Circuit has set forth a six-factor test for "deciding whether individuals are 'employees' under the FLSA":

> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
> (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
> (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
> (4) whether the service rendered requires a special skill;
> (5) the degree of permanency and duration of the working relationship; and
> (6) the extent to which the service rendered is an integral part of the alleged employer's business.

*Brown v. Club Assist Rd. Serv. U.S., Inc.*, No. 12 CV 5710, 2013 WL 5304100 (N.D. Ill. Sept. 19, 2013); *see also Kerbes v. Raceway Assocs., LLC*, 961 N.E.2d 865, 870 (Ill. Ct. App. 2011) (stating that "provisions of the FLSA and interpretations of that legislation can be considered in applying the [Illinois] Minimum Wage Law."); *Lewis v. Giordano's Enters., Inc.*, 921 N.E.2d 740, 746 (Ill. Ct. App. 2009) ("[F]ederal cases interpreting the FLSA, while not binding on this court, are persuasive authority and can provide guidance in interpreting issues under the Wage Law and the Wage Payment Act").  Plaintiffs have set forth little to no facts that would allow this court to determine whether Plaintiffs were "employees" of Utilimap under this test.  (*See generally* Complaint.)  As such, Plaintiffs have not plausibly pleaded a claim because each and every one of Plaintiffs' counts requires a showing that there was an employment relationship as an element of the *prima facie* case.

Nor have Plaintiffs alleged any facts showing (1) how many hours they allegedly worked, (2) how many hours they were paid for, (3) at what rate they were paid, or (4) that Utilimap had any knowledge—constructive or actual—that the hours reported were somehow incorrect.  In sum, Plaintiffs' allegations fail to provide required facts to give Utilimap sufficient notice of their alleged claims.

Additionally, Plaintiffs have wholly failed to allege their status in the class.  Importantly, Plaintiffs have failed to allege *when* they were employed by Utilimap.  (*See generally* Complaint.)  Plaintiffs' purported classes, as defined, are subject to limitations periods.  Without alleging the time frame in which Plaintiffs were allegedly employed, it is impossible to determine whether they are members of the classes they purport to represent, which are each limited to the applicable statute of limitations period.  (Complaint ¶¶ 31, 37, 42, 48, 53.)  As

such, they have failed to allege required facts to demonstrate that they are "similarly situated" to the class members they purport to represent.

In addition to these important deficiencies, several of Plaintiffs' counts must also be dismissed because Plaintiffs have not pleaded facts necessary to satisfy required elements of alleged counts, as set forth *infra*.

### B. Plaintiffs Have Failed To Properly Plead A Claim Upon Which Relief Can Be Granted Under The Illinois Wage Payment And Collection Act.

"To establish a claim under the [Wage Payment and Collection] Act, a plaintiff must demonstrate that [1] 'wages or final compensation is due to him or her [2] as an employee [3] from an employer [4] under an employment contract or agreement.'" *Majmudar v. House of Spices (India), Inc.*, 1 N.E.3d 1207 (Ill. App. Ct. 2013) (citing *Landers–Scelfo v. Corporate Office Sys., Inc.*, 827 N.E.2d 1051 (Ill. Ct. App. 2005)). "Wages," "employee," and "employer" are all defined terms. 820 ILCS 115/2. "Wages" is defined as "any compensation owed an employee by an employer pursuant to an **employment contract or agreement** between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." *Id.* (emphasis added). While an "agreement" within the meaning of the act is broader than a contract, an employee seeking to recover under the IWPCA must still "plead facts showing mutual assent to terms that support the recovery." *Catania v. Local 4250/5050 of Commc'ns Workers of Am.*, 834 N.E.2d 966, 972 (Ill. Ct. App. 2005) (citing *Landers–Scelfo*, 827 N.E.2d 1051).

Here, Plaintiffs' Complaint is completely devoid of any facts showing an agreement or mutual assent to the terms of payment. (*See generally* Complaint; *see also* Complaint ¶¶ 29–34.) Indeed, Plaintiffs have not even alleged what the "terms that support" the requested recovery are (instead cursorily concluding that Utilimap did not pay the "agreed upon hourly rates of pay" (*id.*

at ¶ 33)), let alone that the parties mutually agreed to the same. As such, Plaintiffs have failed to state a claim upon which relief can be granted because they were required to plead facts in support of that agreement as part of their *prima facie* case under the IWCPA. Count I, therefore, must be dismissed.

### C. Plaintiffs Have Failed To Properly Plead A Claim Upon Which Relief Can Be Granted Under The Maryland Wage Payment And Collection Law.

It is well established that Maryland's Wage Payment and Collection Law "does not concern the ***amount*** of wages payable but rather the duty to pay whatever wages are due ***on a regular basis*** and to pay all that is due following termination of the employment." *Friolo v. Frankel*, 819 A.2d 354, 362 (Md. 2003) (emphasis added). Specifically,

> Section 3-502 requires employers to establish regular pay periods and to pay wages in currency or by check or direct deposit that is convertible to currency. Section 3-503 prohibits employers from making unauthorized deductions. Section 3-505, dealing with the situation in which there is a termination of employment, requires employers to pay employees all wages due for work performed before the termination, on or before the day on which the employee would have been paid had employment not been terminated.

*Id.*

In *McLaughlin v. Murphy*, the court dismissed the plaintiff's MWPCL claim alleging failure to pay minimum wage and overtime allegedly due. 372 F. Supp. 2d 465, 475 (D. Md. 2004). The court noted that "the MWPCL does not contain provisions regulating minimum wage and overtime" yet the plaintiff's "minimum wage and overtime claims [were] based on his entitlement to the wages themselves"—in other words, his claim was ***not*** that the defendant "failed to pay him regularly, but that it failed to pay him enough" nor did the plaintiff allege that the defendant "failed to pay him minimum wage and overtime due him upon his termination, but that it failed to pay him these wages at all." *Id.* Such claims were not cognizable under the

MWPCL, so the Court dismissed the plaintiff's count seeking to recover thereunder for failure to state a claim.

Plaintiffs' MWPCL claims are similarly deficient. Although Plaintiffs' Count III is wholly devoid of required factual allegations, based on Plaintiffs' summary legal conclusions, it appears they are seeking to recover based on Utilimap's *complete* failure to pay them for all hours worked and for overtime. (*See* Complaint ¶¶ 40–45.) Thus, Plaintiffs' Count III must fail for the same reason the *McLauglin* court dismissed plaintiff's MWPCL claim: the Act does not govern the amount, but the timing of an employer's payment to employees. Here, Plaintiffs have made no allegation that Utilimap did not regularly pay their wages but simply dispute the amount. Therefore, Count III should be dismissed.

### D. Plaintiffs Have Failed To Properly Plead A Claim Upon Which Relief Can Be Granted Under The Fair Labor Standards Act.

A plaintiff's allegations will "fail to comply with the Fed.R.Civ.P. 8(a) notice pleading standard" if the plaintiff does not "allege basic facts evidencing a plausible claim for relief under the FLSA," and only presents "legal conclusions or elements of the cause of action, which may be disregarded on a motion to dismiss." *Pazda v. Blast Fitness Grp. Pers. Training, LLC.*, No. 13-CV-00326, 2013 WL 4659688, at *3 (N.D. Ill. Aug. 29, 2013)

In *Pazda*, the court dismissed the plaintiff's complaint for failure to state a claim under the FLSA. In that case, the plaintiff sought to recover for, *inter alia*, unpaid overtime under the FLSA. *Id.* at *2. However, the Illinois District Court stated that plaintiff's complaint was "devoid of any factual support for these bare conclusions, such as allegations about Plaintiff working more than forty hours in a week, or about '**when [he and the Plaintiff Class] worked for Defendant [ ], what they did for Defendant[ ], how many hours they worked, or what, if anything, they were paid**.'" *Id.* at *3 (emphasis added) (quoting *Kwan Bom Cho v. GCR Corp.*,

No. 12 C 4562, 2013 WL 675066, at *2 (N.D.Ill. Feb. 22, 2013)). "[M]erely parrot[ing] the statutory language of the claims that [he is] pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims" was insufficient to survive a motion to dismiss. *Id.*

Likewise, here, Plaintiffs have completely failed to allege *when* they worked for Defendant, *how many hours* they worked, and *what* if anything they were paid. (*See* Complaint ¶¶ 51–56.) Like the plaintiff in *Pazda*, Plaintiffs simply parrot the statutory language of the FLSA, which does not provide Defendant with sufficient notice of Plaintiffs' claims. As such, Plaintiffs' FLSA claim should be dismissed for failure to state a claim.

## CONCLUSION

In sum, Plaintiffs have wholly failed to plausibly state a claim upon which relief can be granted. For all of the foregoing reasons, Utilimap respectfully requests that the Court dismiss Plaintiffs' Complaint in its entirety.

**LEWIS, RICE, & FINGERSH, L.C.**

Dated: June 17, 2014

By: /s/ Gary M. Smith
Gary M. Smith, # 6209132
David W. Gearhart, #6274978
Sarah A. Milunski, # 6311310
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101-1311
Telephone: (314) 444-7600
Facsimile: (314) 241-6056
Email: gsmith@lewisrice.com
   dgearhart@lewisrice.com
   smilunski@lewisrice.com

*Counsel for Defendant Utilimap Corp.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 17th day of June, 2014, a true and correct copy of the foregoing will be served upon all counsel of record via operation of the Court's ECF notification system.

    /s/ Gary M. Smith