THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CIPRIANO MARTINEZ and PATRICIO DONES, on behalf of themselves and all others similarly situated,<br><br>              Plaintiffs,<br><br>v.<br><br>UTILIMAP CORP.,<br><br>              Defendant. | Case No. 3:14-cv-310-JPG-DGW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Utilimap Corporation's motion to dismiss the class action complaint filed by plaintiffs Cipriano Martinez and Patricio Dones pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 14). The plaintiffs have responded to the motion (Doc. 16), and Utilimap has replied to that response (Doc. 17).

**I.     Dismissal Standard**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

**II.     Factual Allegations**

Each plaintiff[1] worked for Utilimap, a full-service utility inspection company, as an hourly laborer in the Ground Line Treatment Division for about two years. In their work for Utilimap, the plaintiffs dug around utility poles, inspected them and treated them with wood preservatives.

The plaintiffs routinely worked more than forty hours a week, but Utilimap did not pay them one and one-half times their regular pay rate for those excess hours. This practice is referred to as "straight time for overtime."

Additionally, Utilimap did not pay the plaintiffs for all the hours they worked even at their regular "straight time" pay rates. This occurred because the plaintiffs' foremen, who recorded the hours plaintiffs worked, systematically failed to record hours the plaintiffs spent travelling

---

[1] Although the plaintiffs have pled this as a class action, prior to certification, it remains the case of the named plaintiffs only. "[U]ntil certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiffs." *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002). Thus, the Court only considers at this time whether the named plaintiffs have stated causes of action for themselves, not for an entire class.

between job sites and performing necessary preparatory activities.

The plaintiffs do not plead any more specifics, giving no facts relating to any employment agreement, the dates they worked for Utilimap, the magnitude or frequency of time they worked in excess of forty hours a week or their wage rates at the relevant times.

The plaintiffs filed this lawsuit in March 2014. They allege five causes of action: a claim for failure to pay for all hours worked at the agreed hourly pay rate in violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.* (Count I); a claim for failure to pay overtime wages in violation of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* (Count II); a claim for failure to pay Dones the straight and overtime wages he is due in violation of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Labor & Employment § 3-501 *et seq.* (Count III); a claim for failure to pay Dones overtime wages in violation of the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Labor & Employment § 3-401 *et seq.* (Count IV); and a claim for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Count V). They also assert they should be allowed to file a collective action in Count V under 29 U.S.C. § 216(b) and a class action in Counts I through IV under Federal Rule of Civil Procedure 23 on behalf of those similarly situated to them.

Utilimap asks the Court to dismiss the plaintiffs' claims on the grounds that they have not pled sufficient facts under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to state a cause of action. On the other side, the plaintiffs assert they have satisfied the liberal federal notice pleading standard even in light of *Bell Atlantic* and *Iqbal*.

**III.     Analysis**

The FLSA, the IMWL and the MWHL require employers to pay employees one and one-half times their regular hourly wage for hours worked beyond forty hours in one week.  29 U.S.C. § 207(a)(1); 820 ILCS 105/4a(1); Md. Code Ann., Labor & Employment § 3-415(a).  The IWPCA and the MWPCL require employers to pay non-exempt employees all their wages due at least twice a month, 820 ILCS 115/3 & 4; Md. Code Ann., Labor & Employment § 3-502(a)(1), and to pay departing employees all their wages due no later than their regular pay day would have been had they continued working, 820 ILCS 115/5; Md. Code Ann., Labor & Employment § 3-505(a).

The Court approaches this case with the understanding that, while *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), modified federal pleading requirements, they did not do away with the liberal federal notice pleading standards. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555.  It remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think:  What rule of law *requires* a complaint to contain that allegation?"  *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).  Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

In its motion to dismiss, Utilimap argues that the plaintiffs' claims should be dismissed because they fail to allege they were employees of Utilimap and that Utilimap was their employer. It believes the plaintiffs' allegations that they were Utilimap's employees are insufficiently pled because they do not include factual allegations showing that they satisfy the legal definition of employees under the various statutes involved. However, Utilimap has not pointed to any case requiring a plaintiff to plead each element of a legal definition of a commonly used and understood term. When the plaintiffs say they were employees, the Court, the average reader and surely Utilimap understand what the plaintiffs mean and how to respond to the allegation. That is all liberal federal notice pleading standards, *Bell Atlantic* and *Iqbal* require. Should the plaintiffs actually not satisfy the legal requirements for being employees under the specialized definitions used by the relevant statutes, Utilimap may make that argument at a later stage of the case.

Next, Utilimap faults the plaintiffs for failing to allege a host of details with respect to their claims: when they worked for Utilimap, the hours they worked, the hours for which they were paid or not paid, the rate at which they were paid, and Utilimap's knowledge that the reported hours were incorrect. Again, no rule requires these details be pled in a complaint. In most cases, they are fleshed out in discovery, and their sufficiency at that time can be tested on summary judgment or in trial. To the extent any of the missing information may prevent the plaintiffs from being appropriate class representatives, that issue can be addressed in the class certification briefing. The lack of sufficient factual details about the plaintiffs' employment does not justify dismissal for failure to state a claim.

Specifically with respect to the plaintiffs' IWCPA claim (Count I), Utilimap argues the plaintiffs have failed to allege facts showing they had "an employment contract or agreement"

pursuant to which Utilimap owed them compensation, an essential element of an IWPCA claim. *See* 820 ILCS 115/2.  However, in the Court's view, anything Utilimap is obligated to pay the plaintiffs by virtue of their work for Utilimap is "pursuant to an employment . . . agreement."  *Id.* Regardless of whether an agreement to work is in writing or for a specific duration or terminable at will, but it is still an agreement.  *See Hess v. Kanoski & Assocs.*, 668 F.3d 446, 452 (7th Cir. 2012) (an agreement under the IWPCA is broader than a contract); *Santiago v. RadioShack Corp.*, No. 11 C 3508, 2012 WL 934524, at *2 (N.D. Ill. Feb. 10, 2012) (IWPCA does not require formal contract, only manifestation of mutual assent); *Zabinsky v. Gelber Grp., Inc.*, 807 N.E.2d 666, 671 (Ill. App. Ct. 2004) (same); 17 Ill. Law & Prac.: Employment § 10 (2006) ("[A]n employment agreement need not be a formally negotiated contract.  Generally, an employment agreement is formed when one party promises to render service in exchange for the other party's promise to pay wages.").  The plaintiffs' complaint sufficiently alleges the existence of an employment agreement between Utilimap and the plaintiffs that essentially provides, "If you [the plaintiffs] work for me [Utilimap], I will pay you the wage I've offered you in accordance with the law." Utilimap assented to these terms by hiring the plaintiffs, and the plaintiffs assented by working. Thus, the complaint is not deficient for failing to allege an employment agreement.

With respect to Dones' MWPCL claim (Count III), Utilimap argues that the statute does not require a specific amount of wages be paid but simply that wages be paid on a certain schedule. Citing *McLaughlin v. Murphy*, 372 F. Supp. 2d 465, 475 (D. Md. 2004), Utilimap argues that Dones' claims to insufficient wages is distinct from a claim that his wages were not paid on time, and that his claim for insufficient wages is not cognizable under the MWPCL as long as some wages were paid on time.  Dones notes that, while this view was at one time accepted in

Maryland, it has since been rejected by Maryland's highest court.  *See Marshall v. Safeway Inc.*, 88 A.3d 735 (Md. 2014).   The *Marshall* court noted that wages are defined as *all* compensation due to an employee, Md. Code Ann., Labor & Employment § 3-501(c)(1), and if only part, not all, of the compensation due is paid on time, an employee has cause of action under the MWPCL for the unpaid compensation that was not paid on time.  *Id.* at 745-46.  *Marshall* puts an end to Utilimap's argument that Dones does not have a cause of action under the MWPCL.

**IV.   Conclusion**

In sum, the Court finds the plaintiffs have adequately pled their causes of action in all counts.   They have plausibly suggested a right to relief under several statutes based on Utilimap's failure to pay them overtime wages for hours worked beyond forty in one week and for failure to pay them at all for some hours worked.   Their complaint is sufficient to put Utilimap on notice of their claims and to allow a meaningful response.   For these reasons, the Court **DENIES** Utilimap's motion to dismiss (Doc. 14).

**IT IS SO ORDERED.**
Date: November 24, 2014

                                                              s/J. Phil Gilbert
                                                              **J. PHIL GILBERT
                                                              DISTRICT JUDGE**