```
 1                  UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF TEXAS
 2                        HOUSTON DIVISION

 3   EDUARDO HERRERA, et al        .  C.A. NO. H-11-3851
                                   .  HOUSTON, TEXAS
 4   VS.                           .
                                   .
 5   UTILIMAP CORPORATION, L.P.,   .  FEBRUARY 3, 2012
     et al                         .  3:07 P.M. to 3:23 P.M.
 6

 7
                   TRANSCRIPT of SCHEDULING CONFERENCE
 8                  BEFORE THE HONORABLE SIM LAKE
                    UNITED STATES DISTRICT JUDGE
 9

10
     APPEARANCES:
11
     FOR THE PLAINTIFFS:           MR. JOE M. WILLIAMS
12                                 McKey Prasla & Williams, PLLC
                                   9950 Westpark Drive
13                                 Suite 330
                                   Houston, Texas  77063
14

15
     FOR DEFENDANT UTILIMAP
16   CORPORATION, L.P.:            MR. FLYN L. FLESHER
                                   Ogletree, Deakins, Nash,
17                                   Smoak & Stewart, P.C.
                                   One Allen Center
18                                 500 Dallas Street
                                   Suite 3000
19                                 Houston, Texas  77002-4709

20

21

22

23

24
     Proceedings recorded by mechanical stenography, transcript
25   produced by computer-aided transcription.
```

Exhibit 1

```
 1                      APPEARANCES CONTINUED

 2   FOR DEFENDANTS QUANTA SERVICES
     MANAGEMENTS PARTNERSHIP, L.P.,
 3   QUANTA SERVICES, INC.:           MR. STEWART HOFFER
                                      Hicks Thomas LLP
 4                                    700 Louisiana
                                      Suite 2000
 5                                    Houston, Texas   77002

 6

 7   OFFICIAL COURT REPORTER:         MS. KATHY L. METZGER
                                      U.S. Courthouse
 8                                    515 Rusk
                                      Room 8004
 9                                    Houston, Texas   77002
                                      713-250-5208
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2         THE COURT:  Eduardo Herrera versus Utilimap
 3  Corporation, et al, Civil Action H-11-3851.
 4         MR. WILLIAMS:  Counsel for Plaintiff, Eduardo Herrera,
 5  Joe Williams.
 6         MR. HOFFER:  Good afternoon, Your Honor.  Stewart
 7  Hoffer on behalf of Defendant Quanta Services Management
 8  Partnership, L.P., and Quanta Services, Inc.
 9         THE COURT:  Thank you.
10         MR. FLESHER:  Good afternoon.  And Flyn Flesher for
11  Utilimap.
12         THE COURT:  The Defendant has filed a motion to
13  dismiss and compel arbitration.  I've read all of the parties'
14  papers on that and all the cases cited.  Does anyone wish to
15  make any argument that's not contained within the written
16  submissions?
17         MR. FLESHER:  The only thing I would add is I'm not
18  sure we made entirely clear in our reply, is that the
19  Arbitration Agreement does say that it cannot be modified or
20  rescinded except in writing signed by both me and Utilimap
21  Corporation.  I believe that's mentioned in --
22         THE COURT:  I believe that's at page 50, the last
23  paragraph of that policy.
24         MR. FLESHER:  That's correct, Your Honor.
25         THE COURT:  Did you have anything else to add?
```

1         *MR. WILLIAMS:*  No, Your Honor.

2         *THE COURT:*  All right.  Pending before the Court under
3  Docket Entry 3 -- you can be seated.  Pending before the Court
4  under Docket Entry 3 is Defendant's motion to dismiss and
5  compel arbitration.  The Court has considered the motion;
6  Plaintiff's response, which is filed under Docket Entry No. 9;
7  Utilimap's reply, which is filed under Docket Entry 16; and
8  Plaintiff's surreply, which is filed under Docket Entry 18.

9         Attached to Defendant's motion are pages 49 and
10 50 of Utilimap Corp.'s Employee Handbook, which the Plaintiff
11 signed on September 2nd, 2008.  These pages comprise the
12 Utilimap Corporation's Arbitration Policy, which requires the
13 parties to arbitrate employment claims, including *inter alia*,
14 claims under the Equal Pay Act.  The Arbitration Policy states
15 that it, quote, "May not be modified or rescinded except in
16 writing," closed quote, signed by both parties.

17         The Plaintiff's response argues that the
18 Arbitration Agreement is illusory and unenforceable because it
19 allows the employer unilaterally to amend its arbitration
20 policy.  Plaintiff's response cites and attaches pages 1, 47,
21 and 48 of the Employee Handbook.

22         Defendant's reply argues that under the holding
23 in *D.R. Horton v. Brooks*, 207 S.W.3d 862, Tex.App. - Houston,
24 14th Dist. 2006, the Arbitration Agreement is not illusory
25 because although the Employee Handbook states that Utilimap can

1  change its employment policies at any time, the Arbitration
2  Policy contains a separate acknowledgment and does not include
3  any language that would allow the employer to unilaterally
4  amend or rescind the Arbitration Policy.
5              Plaintiff's surreply finally provides the Court
6  with a complete copy of the Employee Handbook.  The handbook
7  begins with a table of contents, which includes at page 40 a
8  reference to the Arbitration Policy and at page 48 a reference
9  to the Arbitration Agreement.  The page reference to the
10 Arbitration Agreement appears to be incorrect, since the
11 Arbitration Policy is, in fact, found at page 49, not at page
12 48.
13             Page 1 of the Employee Handbook states, quote,
14 "As the company grows, the handbook will be reviewed
15 periodically and adapted to the changing needs of the company
16 and its employees.  All changes must be authorized and approved
17 by the company president.  You will be notified of any change
18 in the policies or programs described in this handbook.
19             Exhibit A to the Employee Handbook entitled
20 "Receipt and Acknowledgment" states at page 47, quote, "I agree
21 to abide by all of Utilimap Corporation's policies, including
22 the policy related to HIPAA.  I understand that the policies
23 and benefits described in it are subject to change at the sole
24 discretion of Utilimap Corporation's president at any time."
25             At page 40 of the Employee Handbook, under the

1  heading "Arbitration Policy," the Employee Handbook states,
2  quote, "The company has adopted an arbitration policy to
3  resolve all employment disputes between employees and the
4  company.  The company believes that arbitration provides a
5  fair, confidential, and prompt way to resolve any differences
6  that may arise between an employee and it.  A complete copy of
7  this policy will be provided to all employees with this
8  handbook for their review and signature," closed quote.
9           Plaintiff argues in his surreply that the
10 Arbitration Agreement is not separate and apart from the
11 Employee Handbook and therefore, like the Employee Handbook
12 itself, is subject to change at the discretion of Utilimap
13 Corporation's president at any time.
14          Having carefully considered the parties'
15 arguments and the authorities they cite, the Court is persuaded
16 that although it is a close question, Plaintiff has the better
17 side of this argument.  Unlike the agreement at issue in *D.R.*
18 *Horton, Inc. v. Brooks*, the Arbitration Agreement at issue in
19 this case is part of the Employee Handbook, which may be
20 modified at any time by the employer.
21          Page 40 of the Utilimap Corp. Employee Handbook
22 expressly refers to the Arbitration Policy and states that,
23 quote, "A complete copy of this policy will be provided to all
24 employees with this handbook for their review and signature,"
25 closed quote.

1     It is clear that the Utilimap Corp. employee
2  policy contained at pages 49 and 50 is the policy referred to
3  at page 40 of the Employee Handbook.
4     Although the Defendant argues that Utilimap
5  Corp.'s Arbitration Policy itself does not contain any
6  provision that would allow either party to unilaterally modify
7  it, this argument overlooks the fact that the Employee Handbook
8  of which the Arbitration Policy is a part does contain such a
9  unilateral right to amend.  Page 47 of the Employee Handbook
10 expressly allows the employer to change all of the, quote,
11 "policies and benefits described in the Employee Handbook,"
12 closed quote, at the sole discretion of the company's president
13 at any time.
14     One of the policies that are described in the
15 Employee Handbook is the Arbitration Policy.  At a minimum the
16 Court concludes that there is an ambiguity between the language
17 of the separate Utilimap Corporation Arbitration Policy and the
18 Employee Handbook itself.
19     Under Texas law an arbitration clause is illusory
20 if one party can avoid its promise to arbitrate by amending or
21 eliminating its agreement to do so.  *Carey v. 24 Hour Fitness,*
22 *USA, Inc.*, blank F.3d blank, decided last week by the Fifth
23 Circuit.
24     Because in this case the Employee Handbook of
25 which the Arbitration Provision is a part is subject to change

```
 1  at any time at the sole discretion of Defendant's president,
 2  the Court concludes that the agreement to arbitrate is illusory
 3  and therefore unenforceable.  Accordingly, Utilimap Corp.'s
 4  motion to say dismiss and compel arbitration is denied without
 5  prejudice.  However, because the Court has found alternatively
 6  that there is an ambiguity, if the Defendant wishes to pursue
 7  the issue further, the Court will allow the parties to conduct
 8  discovery on the ambiguity described by the Court.
 9              All right.  I've looked at the plan and the dates
10  you suggest.  So listen to these dates, please, and see if they
11  sound agreeable.  Let me find the plan.
12              When does the Plaintiff intend to move for
13  collective action treatment?
14        MR. WILLIAMS:  We intend to move immediately, Your
15  Honor, in light of Your Honor's ruling.
16        THE COURT:  Do you already know who the members of the
17  proposed class would be?
18        MR. WILLIAMS:  We have an idea, Your Honor, and I
19  believe we would establish the burden required to carry that
20  with a class certification motion.
21        THE COURT:  All right.  The motions for leave to seek
22  collective treatment will be filed by March 2nd.  By the same
23  date, motions to amend or add parties will be filed.
24  Plaintiff's expert's report will be filed by May 4th,
25  Defendants' by June 1.  The discovery cutoff will be
```

```
 1  October 26th.  The joint pretrial order will be due
 2  November 2nd.  Docket call will be November 9th at 4:00 p.m.
 3  Dispositive motions will be filed by July 20th, all other
 4  motions by October 19th.
 5              Now, the plan says the parties agree to mediate
 6  after some preliminary discovery.  That might be a good idea.
 7  Have there been any preliminary settlement discussions?
 8          MR. WILLIAMS:  No, Your Honor, there's not.
 9          THE COURT:  Okay.  None of the cases you cited dealt
10  with this precise scenario.  So if you wish to conduct some
11  discovery on this issue, in particular how the corporation has
12  treated these two provisions, whether there's any
13  contemporaneous documentation.  Has the corporation ever
14  rescinded any part of the Employee Handbook?
15          MR. FLESHER:  Not to my knowledge, Your Honor, no --
16  oh, to the handbook or the arbitration?
17          THE COURT:  Well, I found the arbitration is part of
18  the handbook.  So any part of either.
19          MR. FLESHER:  It's my understanding that the company
20  has not rescinded any part of the Arbitration Agreement.  And I
21  do not know the history of the handbook or what revisions they
22  made there.
23          THE COURT:  How long has this handbook been in
24  existence?
25          MR. FLESHER:  I'm not aware of, Your Honor.
```

```
 1            THE COURT:  You know, your firm does a lot of
 2   employment law.  You might offer to redraft this handbook to
 3   resolve -- there are several ways to avoid this problem, not
 4   only could you solve the problem by addressing my concerns, but
 5   there are cases that say that if there's at least a notice
 6   provision or if the change only applies prospectively, there's
 7   not a problem.  This has both advices.  I'm not asking you to
 8   reargue the motion.  I'm just saying that you might offer to
 9   redo the plan so as to avoid this problem in the future.
10            MR. FLESHER:  Thank you, Your Honor, I appreciate it.
11            THE COURT:  No, you don't.  But anyway --
12            MR. FLESHER:  Appreciate the advice, yes, Your Honor.
13            THE COURT:  -- you can tell your client that the plan
14   needs to be revised, unless they just want to pay you to
15   litigate this issue over and over.
16            MR. FLESHER:  Probably not, Your Honor.
17            THE COURT:  Pardon me?
18            MR. FLESHER:  Probably not the latter, Your Honor.
19            THE COURT:  Is this case likely to settle?  Have you
20   made a demand?
21            MR. WILLIAMS:  I have not made a demand, Your Honor.
22   We spoke at our 26(f) conference, and the defendants -- it
23   didn't go anywhere.
24            THE COURT:  How much damages does your client have?
25            MR. WILLIAMS:  We're not actually sure of the extent
```

```
 1  of his individual damage at this point in time.  We have an
 2  idea.  Our client was paid straight time for overtime.  So we
 3  have an idea of what that total is, but we don't have all of
 4  the employment records.  And obviously we're going to need
 5  those to determine the dollar value of the straight time for
 6  overtime.  But included in this case is the undocumented hours
 7  that our client worked, and so that will require some discovery
 8  to flesh out what off-the-clock hours our client worked and
 9  what was owed for those.
10          THE COURT:  How many prospective members of this
11  proposed class would there be?
12          MR. WILLIAMS:  Honestly, Your Honor, we have no idea.
13  I've --
14          THE COURT:  Well, how big of a company is this?
15          MR. FLESHER:  I don't have that number off the top of
16  my head.
17          THE COURT:  Roughly, I mean.  Do you know?
18          MR. WILLIAMS:  I have no idea, Your Honor.
19          MR. HOFFER:  Your Honor, I don't.  I can speak --
20  Quanta is a roll-up and purchased Utilimap on October 4th,
21  2011.  From their history, I suspect the company is probably
22  between 200 and 400 employees total.
23          THE COURT:  Okay.  Has any court ever bought the
24  Sarbanes-Oxley argument?
25          MR. WILLIAMS:  I'm not aware of any court buying the
```

```
 1  Sarbanes-Oxley argument yet, Your Honor.
 2          THE COURT: Okay. Anything else we could address this
 3  afternoon?
 4          MR. HOFFER: I don't believe so, Your Honor.
 5          MR. WILLIAMS: Your Honor, if I may, the Defendant
 6  Utilimap has refused to file a certificate of interested
 7  parties, and I don't believe in our plan even they acknowledged
 8  when they would be filing their initial disclosures.
 9          THE COURT: I thought they were going to file it
10  before this hearing.
11          MR. FLESHER: Your Honor, I believe we filed it on
12  January 20th.
13          THE COURT: It's not in the file.
14          MR. WILLIAMS: My apologies if they did, Your Honor.
15          THE COURT: I haven't seen it.
16          MR. WILLIAMS: I don't want to misrepresent that.
17          MR. FLESHER: Yes, Your Honor. It's Docket No. 14.
18          MR. WILLIAMS: My apologies, Judge.
19          THE COURT: Wait a minute. Yeah, it lists Quanta
20  Services, Inc. Okay.
21          MR. WILLIAMS: Was that your disclosure -- was that
22  yours --
23          THE COURT: No, that's his. He filed it.
24          MR. WILLIAMS: Okay. All right. I'm good, Your
25  Honor.
```

```
 1          THE COURT:  Okay.  Thank you.  Have a good weekend.
 2   You're excused.
 3          MR. HOFFER:  Thank you, Your Honor.
 4          MR. WILLIAMS:  Thank you, Judge.
 5      (Concluded at 3:23 p.m.)
 6                           * * *
 7   I certify that the foregoing is a correct transcript from the
 8   record of proceedings in the above-entitled cause, to the best
 9   of my ability.
10
11   /s/ Kathy L. Metzger                    4-2-2015
     Kathy L. Metzger                        Date
12   Official Court Reporter
13
14
15
16
17
18
19
20
21
22
23
24
25
```